IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARCUS D. HOUSE, | : | |
| Petitioner, | : | Case No. 3:05CV209 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MIAMI COUNTY JAIL, | : | |
| | : | |
| Respondent. | | |
| | : | |

**REPORT AND RECOMMENDATION**[1]

Petitioner Marcus D. House, an inmate at the Miami County Jail, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 seeking release from confinement imposed in a criminal action by the Judgment of the Miami County Municipal Court.  The case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Reference.

The Court must examine House's Petition under to Rule 4 of the Rules Governing §2254 Cases, which provides in pertinent part, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal....  Otherwise the judge shall order the respondent to file an answer or other pleading...."

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

House alleges that he was found guilty and sentenced to six months in jail without the benefit of counsel. (Doc. # 1 at p.2). It is well-settled that the Sixth Amendment secures to a defendant facing incarceration the right to counsel at all "critical stages" of the criminal process, see, e.g., *Maine v. Moulton*, 474 U.S. 159, 170, 106 S.Ct. 477 (1985), including a plea hearing, *White v. Maryland*, 373 U.S. 59, 60, 83 S.Ct. 1050 (1963). Because House received a six month prison term for his conviction, he had a right to counsel both at the plea stage and at trial had he elected to contest the charge. *Argersinger v. Hamlin*, 407 U.S. 25, 34, 37, 92 S.Ct. 2006 (1972). If House was unable to afford counsel, the State had the obligation to appoint one.

However, upon review of House's' Petition, it plainly appears from its face that he is not presently entitled to relief in this Court.  This is so because the Petition affirmatively states that he has not filed an appeal of his criminal conviction in the Second District Court of Appeals nor the Ohio Supreme Court.  (Doc. #1 at 3).   A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C.  §2254(b) and ©. Before this Court may reach the merits of House's Petition, he must fairly present them to the Ohio courts.  "It has been settled since *Ex parte Royall*, 117 U.S. 241 (1886) that a state prisoner must normally exhaust available state remedies before a federal court will entertain his petition for habeas corpus."  *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509 (1971); *see Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002).  The exhaustion requirement, now codified in 28 U.S.C. §2254(b) and refined in §2254©, states, "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  Thus, a petitioner exhausts his or her claims by fully and fairly presenting them to the state courts, including the state's highest court. *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001).

In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F. 2d 134, 140 (6th Cir. 1970).

Because it plainly appears from the face of House's Petition that he has not filed a direct or delayed appeal in the Ohio Court of Appeals or the Ohio Supreme Court, he has not exhausted his state remedies. A delayed appeal remains a potential avenue of relief available to House. Since a delayed appeal in the Ohio Court of Appeals is one of the potential remedies that must be exhausted before seeking a federal writ of habeas corpus, House's Petition should be dismissed until he properly exhausts his claim in the Ohio courts.[2]

Accordingly, because House has not exhausted his sole claim in the Ohio courts and because House still has an avenue of relief in the Ohio courts, it plainly the appears from the face of his Petition and that he is not presently entitled to relief under 28 U.S.C. §2254.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner, Marcus D. House's Petition for Habeas Corpus be dismissed without prejudice to refiling pending exhaustion of his sole claim in the Ohio Courts.

June 14, 2005

            s/ Sharon L. Ovington
            Sharon L. Ovington
           United States Magistrate Judge

---

[2] The Sixth Circuit has adopted certain recommendations regarding unexhausted claims in light of the one-year statute of limitations for habeas petitions. If a timely petition contains only unexhausted claims, the district court should dismiss the petition and direct that the petitioner pursue his or her state remedies in a timely manner, usually within 30 days thereafter, and refile the petition within 30 days following exhaustion. *Griffin v. Rogers*, 308 F.3d 647, 651-52 (6th Cir. 2002); *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).